UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LOWREY, individually, in his capacity as general partner of Turtle Cay Partners, in his capacity as personal representative of the Estate of Marianne Lowrey, in his capacity as trustee for the Marianne B. Lowrey Trust, and in his capacity as successor partner of Coldbrook Associates Partnership, *et al.*,<br><br>Defendants. | Adv. Pro. No. 10-04387 (SMB) |

**LOWREY DEFENDANTS' STATEMENT OF MATERIAL FACTS**

In support of the motion for summary judgment, and pursuant to Bankruptcy Rule 7056 and Local Bankruptcy Rule 7056-1(b), Defendants James Lowrey, Estate of Marianne Lowrey, Turtle Cay Partners, and Coldbrook Associates Partnership ("Lowrey Defendants") submit this

statement of material facts about which there can be no genuine dispute. Each of these facts is supported by competent, admissible evidence in the record, namely the Joint Statement of Undisputed Material Facts ("Joint Statement") and the Stipulation Regarding Account Statements ("Account Statement Stipulation"). Fed. R. Civ. Pro. 56(c)(1) (a party asserting an undisputed fact may cite to "stipulations (including those made for purposes of the motion only)").

1. In May of 1999, Defendant Turtle Cay Partners entered into an Account Agreement with BLMIS. This account was identified as account no. 1CM585 (the "1CM585 Account"). **Joint Statement ¶ 17.**

2. In May of 2004, Defendant Coldbrook Associates Partnership entered into an Account Agreement with BLMIS. This account was identified as account no. 1CM880 (the "1CM880 Account"). **Joint Statement ¶ 25.**

3. In July of 2004, Defendants James Lowrey and Marianne Lowrey entered into an Account Agreement with BLMIS. This account was identified as account no. 1CM832 (the "1CM832 Account," and together with the 1CM585 Account and 1CM880 Account, the "Accounts"). **Joint Statement ¶ 33.**

4. The Account Agreements for the Accounts provided Madoff with investment discretion. **Joint Statement ¶ 41.**

5. The Lowrey Defendants opened the Accounts in good faith and with no knowledge of BLMIS' fraud. **Joint Statement ¶ 42.**

6. At all relevant times, Bernard L. Madoff controlled BLMIS, first as its sole member, and thereafter as its chairman and chief executive. **Joint Statement ¶ 1.**

7. BLMIS was, at all times relevant to this adversary proceeding, registered with the SEC as a broker-dealer under Section 15(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(b), and a member of the Financial Industry Regulatory Agency (formerly known as the National Association of Securities Dealers). **Joint Statement ¶ 6.**

8. At all times relevant to this adversary proceeding, BLMIS was an investment adviser. **Joint Statement ¶ 7.**

9. The Lowrey Defendants' only business relationships with BLMIS, a registered broker-dealer, were as customers of its Investment Advisory Business. **Joint Statement ¶ 48.**

10. The Lowrey Defendants did not invest in BLMIS, either as a partners, shareholders, or other equity stake holders. At no time did any Lowrey Defendant purport to own a share of, or have a financial stake in, the business of BLMIS. **Joint Statement ¶ 49.**

11. Between May 7, 1999 and December 11, 2008, Defendant Turtle Cay Partners deposited a total of $9,000,000 into the 1CM585 Account and withdrew a total of $16,845,089 from the 1CM585 Account. **Joint Statement ¶ 21.**

12. Between December 11, 2006 and December 11, 2008, Defendant Turtle Cay Partners withdrew from the 1CM585 Account $16,845,089. **Joint Statement ¶ 22; Ex. 1, Appendix A-3.**

13. Between May 27, 2004 and December 11, 2008, Defendant Coldbrook Associates Partnership deposited a total of $2,800,000 into the 1CM880 Account and withdrew a total of $3,893,402 from the 1CM880 Account. **Joint Statement ¶ 29.**

14. Between December 11, 2006 and December 11, 2008, Defendant Coldbrook Associates Partnership withdrew from the 1CM880 Account $3,393,402. **Joint Statement ¶ 30, Ex. 1, Appendix A-2.**

15. Between July 20, 2004 and December 11, 2008, Defendants James Lowrey and Marianne Lowrey deposited a total of $2,500,000 into the 1CM832 Account and withdrew a total of $3,082,182 from the 1CM832 Account. **Joint Statement ¶ 37.**

16. Between December 11, 2006 and December 11, 2008, Defendants James Lowrey and Marianne Lowrey withdrew from the 1CM832 Account $2,082,182. **Joint Statement ¶ 38, Ex. 1, Appendix A-1.**

17. BLMIS accepted the Lowrey Defendants' funds for the stated purpose of trading securities for the Lowrey Defendants' benefit. **Joint Statement ¶ 47.**

18. BLMIS did not comply with its obligations under the Account Agreements. **Joint Statement ¶ 53.**

19. At all times, BLMIS defrauded the Lowrey Defendants by intentionally misrepresenting the purported securities transactions in the Accounts. These misrepresentations made to the Lowrey Defendants were an integral and essential part of the fraud, and were made to avoid detection of the fraud, retain existing investors, and to lure other investors into the Ponzi scheme. **Joint Statement ¶ 50.**

20. BLMIS received each deposit with the intent to not apply such funds to the purchase of securities for the accounts of its clients. **Joint Statement ¶ 16.**

21. The Lowrey Defendants relied in good faith on BLMIS' reports of securities transactions that it purportedly made on behalf and for the benefit of the Lowrey Defendants' Accounts. **Joint Statement ¶ 51.**

22. The Lowrey Defendants reasonably relied on the representations in the Account Agreements and account statements. **Joint Statement ¶ 52.**

23. The 11/30/2006 account statement Defendant Turtle Cay Partners received from Madoff Securities indicated that Turtle Cay Partners had a positive balance of $11,977,623.20 in the account. **Account Statement Stipulation ¶ 1, Ex. 1, Appendix A-3.**

24. The 11/30/2006 account statement Defendant Coldbrook Associates Partnership received from Madoff Securities indicated that Coldbrook Associates Partnerhsip had a positive balance of $3,054,055.04 in the account. **Account Statement Stipulation ¶ 3, Ex. 1, Appendix A-2.**

25. The 11/30/2006 account statement Defendants James and Marianne Lowrey received from Madoff Securities indicated that James and Marianne Lowrey had a positive balance of $1,322,395.40 in the account. **Account Statement Stipulation ¶ 2, Ex. 1, Appendix A-1.**

26. The Lowrey Defendants made each of the withdrawals in good faith, believing that they were entitled to these funds and lacking any knowledge of the Ponzi scheme. **Joint Statement ¶ 43.**

27. On November 30, 2010, the Trustee brought this adversary proceeding against the Lowrey Defendants to avoid and recover $9,520,673, the total difference between the amounts deposited and withdrawn by the Lowrey Defendants in connection with the Accounts. **Joint Statement ¶ 45.**

28. The Trustee has dismissed certain claims asserted in the Amended Complaint with prejudice, including all claims for avoidance of obligations. **Joint Statement ¶ 46.**

29. The Trustee has not sought to avoid the Account Agreements. **Joint Statement ¶ 56.**

30. The Lowrey Defendants were injured by BLMIS' fraud. **Joint Statement ¶ 54.**

31. The Lowrey Defendants' injuries occurred in the state of New York. **Joint Statement ¶ 55.**

32. The Lowrey Defendants suffered lost opportunity costs during the period that BLMIS held their funds. **Joint Statement ¶ 57.**

33. The Lowrey Defendants' model portfolio would have returned $2,354,352 across all three accounts. **Joint Statement ¶ 59.**

34. The amount received by the Lowrey Defendants that is in excess of the lost investment return is $7,156,321. **Joint Statement ¶ 59.**

35. The Lowrey Defendants' rescission claim would have yielded an interest component of $5,062,340. **Joint Statement ¶ 61.**

36. The amount received by the Lowrey Defendants that is in excess of the interest component is $4,458,333. **Joint Statement ¶ 61.**

Dated: August 11, 2017.

> By: */s/ Richard A. Kirby*
> Richard A. Kirby
> **BAKER & McKENZIE LLP**
> 815 Connecticut Avenue NW
> Washington, DC 20006
> Telephone: 202.452.7020
> richard.kirby@bakermckenzie.com